UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **WANDERSON DIAS DA SILVA,** | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 26-11006-FDS |
| **ANTONE MONIZ, et al.,** | ) ) ) | |
| Respondents. | ) ) ) | |

### MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a noncitizen pending removal proceedings. Petitioner Wanderson Dias da Silva is a Brazilian national who entered the United States in June 2023 by crossing the southern border, at which time he was detained by immigration officials and later released.

On February 25, 2026, petitioner was taken into ICE custody, apparently pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b). He contends that his continued detention without an individualized bond hearing violates his procedural due-process right and is not authorized by statute.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts. Nonetheless, and for the reasons that follow, the Court agrees that petitioner is being detained without lawful authority, and therefore will order that he be granted a bond hearing before an immigration judge.

I.      **Background**

Wanderson Dias da Silva, a Brazilian national, entered the United States in June 2023 by crossing the southern border. (Pet. ¶ 1). He was apprehended by immigration officials at that time, detained for a period of several weeks, and then released into the United States. (*Id.*). The petition does not allege under what authority he was released. (*Id.*). Since his entry into the United States, petitioner has resided in Connecticut and Maine, most recently in Elsworth, Maine. (*Id.*).

On February 20, 2026, petitioner was arrested in Elsworth, Maine, for driving without a license. (*Id.* ¶ 2). Petitioner was apparently held in state custody following that arrest. (*Id.*). He was taken into custody by ICE on February 25, 2026. (*Id.*). He is currently detained at Plymouth County Correctional Facility in Plymouth, Massachusetts. (*Id.* ¶ 11).

The respondents are Antone Moniz, Superintendent, Plymouth County Correctional Facility; Patricia Hyde, New England Field Office Director, U.S. Immigration and Customs Enforcement; Michael Krol, New England Special Agent in Charge for Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Pamela Bondi, Attorney General of the United States; Kristi Noem, U.S. Secretary of Homeland Security; and Donald Trump, President of the United States. (Pet. ¶¶ 12-18).[1]

---

[1] The Court notes that "the person who has custody over [the petitioner]" is the only proper respondent. 28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). Todd Lyons, Kristi Noem, Pamela Bondi, and Donald Trump are national officials and have no direct supervision over ICE detainees in Massachusetts. The Court will therefore dismiss the claims against those respondents.

On February 26, 2026, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court. (Dkt. No. 4 at 2-3).

On March 3, 2026, respondents answered the petition. (Resp'ts' Resp., Dkt. No. 6). Respondents conceded that "the legal issues presented in this Petition are similar to those recently addressed by this Court in *De Andrade v. Moniz*," and that "[s]hould the Court follow its reasoning in *De Andrade* . . . , it would reach the same result here." (*Id.* at 1).

## II.    Analysis

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of many other courts across the country, *see Rodriguez v. Bostock*, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases), non-citizens who initially entered the United States without inspection but have resided in the country for a substantial period of time are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b). Because petitioner has already entered and resides in the United States, he is not an "applicant seeking admission" under § 1225, and his detention under that provision is therefore "in violation of the . . . laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner is a member of the class certified in *Guerrero Orellana v. Moniz*, because he is detained in Massachusetts; was not placed in expedited removal proceedings; was neither admitted nor paroled into the United States; is not subject to mandatory detention under § 1226(c); is not subject to post-final order detention under § 1231; and his most recent arrest did not occur at the border when he was arriving in the United States. *See Guerrero Orellana v. Moniz*, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025). It is unclear what precise effect the declaratory judgment in that case has on this action; respondent Moniz was also a respondent in *Guerrero Orellana*, so the judgment in that case very likely has collateral-estoppel effect here.

3

But the Court need not resolve that question for these purposes because it independently determines that petitioner's detention violates the INA.

Because petitioner can be held, if at all, only under § 1226(a), he is entitled to a hearing at which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulation requires that § 1226(a) detainees "receive bond hearings at the outset of detention" (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Therefore, and because respondents have not offered another authority for petitioner's detention, the Court will grant the petition and order respondents to promptly provide petitioner with an individualized bond hearing pursuant to *Hernandez-Lara v. Lyons*.

### III.   Conclusion and Order

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondents are hereby ORDERED to either release petitioner or provide him a constitutionally-adequate bond hearing pursuant to *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) no later than March 11, 2026.

**So Ordered.**

Dated: March 4, 2026

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge